UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOUIS JAMES THIBODEAUX,

        Plaintiff,

   v.

SEAN BRITTAIN, et al.,

        Defendant.

CASE NO. 3:21-cv-05701-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, who is currently detained at the Washington State Penitentiary at Walla Walla filed a complaint in the Cowlitz County Superior Court alleging Deputy Prosecuting Attorney Sean Brittain, Prosecutor Ryan Jurvakainen, and Cowlitz County violated his Eighth and Fourteenth Amendments rights. *See* complaint at Dkt. 1. As relief he requests money damages and that the Court order his immediate release from imprisonment, among other things. *Id.*

Under 28 U.S.C. § 1915A(a), the Court screens complaints filed by prisoners and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

The Court has screened the complaint and recommends it be dismissed. Although Plaintiff is a *pro se* Prisoner, leave to amend should be denied because the deficiencies discussed below cannot be cured by amendment, and thus amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend need not be granted where amendment would be futile or where the amended complaint would be subject to dismissal).

## DISCUSSION

**A.  The Complaint**

The complaint alleges Plaintiff was convicted in Cowlitz County Superior Court and on December 18, 2018, was sentenced to one year and a day. Plaintiff completed this sentence on April 19, 2019. Plaintiff avers his conviction in this case (17-1-01383-087) for simple possession of methamphetamine was vacated on July 13, 2021.

The complaint alleges Deputy Prosecuting Attorney Sean Brittain, and Prosecutor Ryan Jurvakainen violated Plaintiff's rights by obtaining the conviction against him for simple possession of methamphetamine and thereby wrongfully imprisoning him. Plaintiff contends the offense of simple possession of a controlled substance is invalid on its face because the Washington Supreme Court held in *State v. Blake,* 197 Wn.2d 170 (2021), that Washington State's strict liability drug possession statute criminalizes unintentional and unknowing possession of controlled substances and is unconstitutional. Plaintiff contends he should be compensated for serving a sentence for this offense, and also for being exposed to COVID-19 at "SCCC" (Stafford Creek Correctional Center).

As a first cause of action, Plaintiff alleges he served an unconstitutional criminal sentence in violation of the Eighth and Fourteenth Amendments because he has been exposed to COVID-19 while detained in the Washington State Prison system. Plaintiff alleges he has begged

Defendants to release him from prison without success and Defendants are therefore violating their obligation to protect him. Plaintiff also alleges Defendants have "fraudulently abused the points system, by a created criminal history summary to lengthen his prison confinement using charges that's not supposed to be felonies." Essentially, Plaintiff challenges the length of the prison sentence that he is currently serving.

As relief, Plaintiff seeks monetary compensation, an order directing Defendants to explain why they wrongfully have imprisoned him and used a criminal history summary to lengthen his sentence, an evaluation of his criminal history for immediate release, and a declaration that Defendants have used unlawful tactics.

**B.     Legal Standards**

Plaintiff alleges Defendants, who are prosecuting attorneys, have violated his Constitutional rights. The complaint is thus an action that falls under 42 U.S.C. § 1983. In order for a § 1983 complaint to state a claim upon which relief may be granted to it must allege: (1) conduct committed by a person acting under color of state law, and (2) the conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 relief can be granted only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

While Defendants may be state actors for purposes of § 1983, they are state actors who are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 because the act of prosecuting Plaintiff falls squarely within their authority as prosecutors. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is

warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Absolute prosecutorial immunity turns on the function of the conduct, not "whether it was lawful." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Additionally, prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)).

    Here, the complaint alleges Defendants improperly prosecuted Plaintiff for simple possession of methamphetamine in 2018 and submitted sentencing information in support of the sentence the state trial court imposed. The complaint thus attacks the actions Defendants undertook in their performance of prosecuting and convicting Plaintiff for criminal conduct. As discussed above, Defendants, as prosecutors, are immune from such acts. Further, Plaintiff does not claim any Washington State Court had held the crime of simple possession of methamphetamine was unlawful when he was prosecuted and sentenced in 2018. In fact, simple possession was not deemed unlawful throughout the time Plaintiff was criminal charged, served his sentence for simple possession of methamphetamine, and even when he completed the sentence in 2019. There is thus nothing showing Defendants intentionally or knowingly prosecuted Plaintiff for a crime they knew was invalid. Plaintiff's reliance upon the 2021 Washington Supreme Court decision in *Blake* is thus unfounded. The *Blake* decision did not exist from the initiation through the completion of Plaintiff's criminal prosecution and does not serve as a basis upon which one could rely in finding Defendants somehow acted impermissibly.

    The complaint also appears to challenge the current sentence Plaintiff is serving, not the simple possession conviction of methamphetamine which Plaintiff avers was completed in 2019. The complaint's challenge to the current sentence has several defects. First, the complaint alleges

REPORT AND RECOMMENDATION - 4

Defendants are responsible for Plaintiff's imprisonment and are violating his rights because as a prisoner, he is exposed to health risks such as COVID-19. The allegation challenges the conditions of Plaintiff's confinement at a Washington State Prison. Defendants, who are employed as Cowlitz County prosecuting attorneys, have nothing to do with the conditions of confinement in a Washington State prison. Simply put, the allegation is levied against the wrong Defendant. If Plaintiff contends the conditions of confinement in the state prison violates his rights, he should be naming state prison officials that he contends are responsible for those conditions. The Court takes judicial notice of its own records that Plaintiff has already filed a civil rights complaint against Washington State prison officials alleging the conditions of his prison confinement violate his constitutional rights due to defendants' failure to properly address the COVID-19 pandemic. *See Thibodeaux v. Haynes, et al.,* 3:21-cv-05326-BHS-MLP.  In this regard, the allegations regarding the conditions at the state prison and COVID-19 which are raised in this complaint are duplicative of another civil lawsuit Plaintiff has filed and subject to dismissal.

Second, to the extent the complaint challenges Defendants' actions in obtaining the conviction which has resulted in Plaintiff's current imprisonment, the challenge is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The complaint alleges Plaintiff's current incarceration is unlawful or improper. It thus directly challenges the viability of the judgment that serves as the basis for Plaintiff's imprisonment. Under *Heck,* if a judgment in favor of a plaintiff in a civil rights action necessarily implies the invalidity of plaintiff's conviction or sentence, the complaint must be dismissed unless plaintiff can show the conviction or sentence has already been invalidated. *Id.* at 486-87. "[A] court may properly dismiss a Heck-barred claim if there exists an obvious bar to securing relief on the face of the complaint." *Washington v. Los*

REPORT AND RECOMMENDATION - 5

*Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (*Heck* bar is plain from the face of the complaint where plaintiff seeks recall of allegedly unlawful sentence). Here, the fact Plaintiff seeks immediate release affirms that the criminal judgment and sentence that holds him in prison establishes that sentence has not been vacated.

And lastly, a prisoner such as Plaintiff challenging a criminal sentence and who requests release from imprisonment must file be a federal habeas petition, under 28 U.S.C. § 2254, not a civil rights complaint. *See Preiser v. Rodrigues*, 411 U.S. 475, 500 (1973) (The sole remedy for a state prisoner challenging the fact or length of imprisonment, and who seeks immediate release or a speedier release from that imprisonment, is a writ of habeas corpus).

In sum, as grounds for relief, Plaintiff alleges his state prison conditions of confinement violate the constitution. Plaintiff also blames Defendants for prosecuting him and sending him to prison. However, the complaint should be dismissed because Defendants are immune for their actions as prosecutors. Furthermore, the named Defendants do not run the state prison or work there, and thus are not liable for the prison's conditions. Plaintiff's conditions of confinement claims should be brought against prison officials, not the county prosecutors who are named defendants. Plaintiff has in fact already initiated a complaint against prison officials in another case he filed in this Court. Plaintiff also challenges the sentence he is serving and request he be released. This challenge should be brought via a federal habeas petition, not a civil rights complaint. Additionally, Plaintiff's civil rights challenge blaming the Defendant prosecutors and seeking release necessarily undermines the current conviction and sentence Plaintiff is serving and is thus barred under *Heck v. Humphry*. For these reasons, the Court recommends the complaint be DISMISSED with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should therefore **not** file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 11, 2021.** The Clerk should note the matter for **October 15, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 27th day of September, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7